# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5506 | **DATE** | 8/16/2012 |
| **CASE TITLE** | Micro Enhanced Technology Inc. Vs. Videx, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant Verizon Wireless's motion to dismiss, or in the alternative, to sever and stay [36]. After Defendant filed the motion [36], Plaintiff filed a second amended complaint [57]. Defendant then filed a reply [58], in which it asked the Court only to sever and stay the case, and not to dismiss the case. Accordingly, the Court addresses Defendant's motion [36] only as a motion to sever and stay and not as a motion to dismiss. For the reasons stated below, Defendant's motion [36] is granted in part (as to the request to sever and stay) and denied in part as moot (as to the request for dismissal).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Micro Enhanced Technology Inc. ("MET") filed a complaint against Defendant Videx, Inc. on August 12, 2011, accusing Videx of infringing six patens (collectively, "Cyberlock") owned by MET. [1]. After Videx answered the complaint, MET amended its complaint [20] to add Verizon and ITC Holdings Corp., two of Videx's customers, as also infringing on the MET's Cyberlock patents. On December 21, 2011, Defendant Verizon filed a motion to dismiss and a motion to sever and stay. [36].[1] Plaintiff then filed a second amended complaint on March 2, 2012. [57]. On March 15, 2012, Defendants Verizon and ITC filed a reply in support of their motion to sever and stay [58 and 59].

[FN1] Defendant ITC filed a motion to join Verizon's motion, which the Court granted on January 5, 2012 [46].

Fed. R. Civ. P. 21 gives the Court discretion to "sever any claim against any party." Consistent with this rule, courts have recognized that when a patentee sues both the manufacturer and its customers, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Speed Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). This is referred to as a "customer suit exception" to the first-to-file rule and is based on the recognition that a manufacturer is presumed to have a "greater interest in defending its actions against charges of patent infringement [than a customer may]; and to guard against the possibility of abuse." *Kahn v. Gen. Motors Corp.*, 899 F.2d 1078, 1081 (Fed. Cir. 1989); see also *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 2010 WL 3516106, at *2-3 (N.D. Sept. 1, 2010) (severing customer defendants and transferring claims against manufacturer under the notion that the customers were "peripheral" to the infringement allegations). In addition, district courts have broad discretion to control their dockets using techniques such as stays of proceedings, provided a stay is not indefinite or otherwise excessive. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983).

**STATEMENT**

    Verizon argues the Plaintiff's infringement claims against it should be severed and stayed because—as a customer of Videx—the claims against Verizon are peripheral to the claims against Videx. Verizon further argues that whatever happens in Plaintiff's suit against Videx will determine the outcome of Plaintiff's suit against Videx's customers, Verizon and ITC. The Court agrees. According to Plaintiff's Second Amended Complaint, Verizon [and ITC] "purchases and uses Videx's Cyberlock systems" and "Videx provides Cyberlock systems . . . to end-user customers such as Verizon Wireless and ITC in the United States who, in turn, install and use the Cyberlock systems." Such allegations establish that Defendant Verizon is a peripheral defendant—Verizon's potential unlawful conduct is entirely dependent on this Court's ruling with respect to Videx. Moreover, in this case, "[n]o discovery has been conducting and little judicial effort has been expended," which counsels in favor of the request for a stay of the case. *Global Patent Holdings, LLV v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *5 (N.D. Ill. Apr. 23, 2008). Because Plaintiff's suit is brought primarily against Videx, which has a greater interest in defending against charges of patent infringement, and severance and stay will promote judicial economy by reducing discovery disputes, costs, and motions, the Court grants Defendant's motion [36] to sever and stay the claim against Verizon and ITC. See *Kahn*, 899 F.2d at 1081.