IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Micro Enhanced Technology, Inc., | ) | |
| | ) | Civil Action No. 11cv5506 |
| Plaintiff | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| Videx, Inc., | ) | |
| Cellco Partnership d/b/a Verizon Wireless, and | ) | Magistrate Judge Maria Valdez |
| ITC Holdings Corp., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**MICRO ENHANCED TECHNOLOGY, INC.'S**
**REVISED MOTION TO STAY**

Plaintiff, Micro Enhanced Technology, Inc. ("MET"), by its undersigned counsel, respectfully moves this court to grant a 6-week stay to find outside counsel and states as follows:

1. On March 21, 2013, MET filed a motion requesting a stay to find outside counsel before Judge Robert M. Dow, Jr. believing that the scope of such a motion was broader than discovery issues. *See* Dkt. Nos. 121-122. Appearing before Judge Dow on March 26, 2013, the Court concluded that filing the Motion To Stay to be heard before him was "a perfectly fine thing to do, and if I were going to stay the whole case, it would be fine for me to do it, but I think what really needs to happen here is an adjustment to the discovery schedule gives Mr. Watkins a reasonable amount of time, but something less than 60 days to find counsel and keep this case rolling." *See* Declaration of Richard Watkins ("Watkins Decl."), at ¶ 1, Ex. 1, pp. 5-6. The Court suggested refiling the motion to be heard before Magistrate Judge Maria Valdez according to the Order of the Executive Committee and denied the motion. *See id.*, Dkt. No. 116.

2. In light of Judge Dow's comments, MET seeks a 6-week stay to find outside counsel due to the Court's ruling denying MET's inside counsel access to highly confidential documents. *See* Dkt. No. 120. Videx's reasoning for the stay can be found in its original Motion

1

to Stay. See Dkt. No. 121. MET acknowledges the Court's statement that some of MET's harm is of its own making. However, as evidenced in our briefs in the Motion to Amend the Protective Order, Dkt. No. 121, MET had a good faith basis to believe that its counsel was entitled to review highly confidential documents well before this time such that obtaining trial counsel would not have caused a delay under the case schedule. Once new counsel is obtained, they will immediately work with Videx's counsel on submitting a new, joint case schedule to be submitted to the Court for approval.

3. Videx argued in its Opposition to MET's original Motion to Stay that this request was a delay tactic, that it has been kept "in the dark," and it has been distracted from running its business. See Dkt. No. 123, p. 2. However, this stay is not sought to unfairly delay the proceedings as MET has diligently prosecuted this litigation. Videx has not been kept in the dark with respect to MET's positions because MET has routinely produced documents since December and has responded to interrogatory requests and provided supplements when necessary. MET has even agreed to a case schedule that is shorter than the Northern District of Illinois Local Patent Rules require. See Dkt. No. 107. Most recently, MET served its Initial Response to Videx's Initial Invalidity Contentions. See Watkins Decl., at ¶ 2, Ex. 2. Also, no facts have been presented showing how Videx has been distracted from running its business.

4. Videx argued in its opposition that it took MET fourteen months to produce documents. See Dkt. No. 123, p. 1. However, the parties did not conduct a Rule 26(f) conference beginning discovery until July 27, 2012. See Dkt. No. 87. After that conference, MET's prior counsel began gathering documents but filed to withdraw from this case due to an unexpected illness. See Dkt. No. 98. After present counsel filed an appearance, MET soon served its documents. See Watkins Decl., at ¶ 3, Ex. 3. MET did not withhold discovery

because of a failure to litigate and Videx's insinuation is a clear attempt to paint MET in a bad light.

5. MET met and conferred with the Defendant Videx, Inc. ("Videx") to present a new agreed case schedule before the original Motion To Stay. *See* Dkt. No. 124, Ex. 4. Videx's proposal would require Final Infringement Contentions to be served before MET had obtained complete discovery from Videx and before MET had been given a reasonable amount of time to find outside counsel. MET originally proposed pushing all due dates back up to 6 weeks so that all dates would be affected equally and that no side is provided an unfair advantage to either side.[1]

6. Videx's proposal is unreasonable because it seeks to have MET serve Final Infringement Contentions before having complete discovery from Videx. Although Videx has not produced discovery designated as "Highly Confidential," it has been severely delinquent in producing discovery without the "Highly Confidential" designation. For example, on December 14, 2012, the parties agreed to exchange product samples in this case and in *Videx, Inc. v. TriTeq Lock and Security, LLC, et al.*, No. 11-cv-06384-AA (D. Or.) ("The Oregon Case"). *See* Watkins Decl., at ¶ 4, Ex. 4. The meet and confer with Videx's counsel included Joe Liu, an attorney of record in this case. *See* Dkt. No. 74. Videx stated that it would be producing a "couple dozen" samples. *See id.* However, Videx reneged on the agreement and stated that it was not aware of what model numbers were needed by MET despite an email providing such information months in advance. *See* Watkins Decl., at ¶ 5, Ex. 5. Videx eventually produced only three samples but still refuses to serve the complete set as agreed in December. *See*

---

[1] After appearing before Judge Dow, counsels for the parties agreed to continue their attempts to reach an agreement and may have an agreement at the time this motion is presented. *See* Watkins Decl., ¶ 7.

Watkins Decl., at ¶ 6, Ex. 6. Videx also has not produced documents and things that would not be designated "Highly Confidential" responsive to two subsequent rounds of document requests served by MET. *See id.*

MET requests this stay as necessary to find new counsel and so that a reasonable amount of time is preserved in the discovery calendar to obtain full and complete discovery from Videx. Accordingly, it is respectfully requested that this motion be granted and that the counsels for the parties be ordered to confer regarding appropriate pretrial and discovery deadlines when new counsel for the Plaintiff has been retained.

Dated: March 28, 2013                    Submitted by,

                                          */s/ Richard D. Watkins*
                                          Richard D. Watkins
                                          rwatkins@metpatents.com
                                          Micro Enhanced Technology, Inc.
                                          701 Gullo Ave, Suite B
                                          Elk Grove Village, IL  60607
                                          Telephone: (847) 346-1550

                                          ***Attorney for Plaintiff Micro Enhanced Technology, Inc.***

4

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 28, 2013. Any other counsel of record will be served by electronic mail and/or first class mail.

      /s/ Richard D. Watkins
      Richard D. Watkins
      rwatkins@metpatents.com
      Micro Enhanced Technology, Inc.
      701 Gullo Ave, Suite B
      Elk Grove Village, IL  60607
      Telephone: (847) 346-1550

      ***Attorney for Plaintiff Micro Enhanced Technology, Inc.***