**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICRO ENHANCED TECHNOLOGY, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> VIDEX, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 11-cv-05506 <br><br> Hon. Judge: Robert M. Dow, Jr. <br><br> Magistrate Judge: <br> Hon. Maria Valdez |

**PLAINTIFF MICRO ENHANCED TECHNOLOGY, INC.'S
MOTION TO SUBSTITUTE PARTIES PURSUANT TO FED. R. CIV. P. 25(c)**

Micro Enhanced Technology, Inc. ("MET") hereby moves for substitution of the named plaintiff pursuant to Fed. R. Civ. P. 25(c). On September 27, 2013, MET assigned all right, title and interest in, *inter alia*, the patents-in-suit[1] to O.S. Security LLC ("OSS"), including the right to enforce the patents-in-suit and to recover for past infringement as to the defendants in this lawsuit. OSS is a completely separate entity and MET has no involvement or ownership interest in OSS. As a result, MET has no interest in the patents-in-suit as asserted in the present litigation and OSS should be substituted as the sole plaintiff in this case.

In support of its Motion, attached hereto as <u>Exhibit A</u> is the assignment of the rights to, *inter alia*, the patents-in-suit to OSS (the "Assignment"). Also attached hereto as <u>Exhibit B</u> is the Declaration of Mr. William Denison, President of MET, confirming that MET has not retained any interest in the patents-in-suit.

**I. Summary of Argument**

OSS should be substituted as the plaintiff in this litigation under Federal Rule of Civil

---

1 U.S. Patent Nos. 5,617,082; 6,359,547; 7,456,725; 7,482,907; 7,683,758; 7,741,952.

Procedure 25(c) ("Rule 25(c)"). Following the assignment to OSS, MET no longer has any right, title or interest in the patents-in-suit. Where, as here, ownership interest in the patents-in-suit has transferred from the original plaintiff to another party, the court should grant substitution under Rule 25(c).

The requested substitution will not prejudice any party and will have no effect on discovery or any deadlines set forth by the Court. Moreover, substitution of OSS for MET as the plaintiff in this action will ensure that there are no jurisdictional infirmities stemming from MET's transfer of its interest in the patents-in-suit to OSS, and will clarify that OSS, as the real party in interest, is subject to all applicable rights and obligations under the discovery rules.

## II. Statement of Facts

At the time the Complaint was filed, MET was the owner of the patents-in-suit and had all rights to enforce the patent against infringers, including but not limited to enforcing the patents-in-suit against the defendants in this lawsuit. On September 27, 2013, MET assigned all right, title, and interest in the patents-in-suit to OSS. A copy of that assignment (Exhibit A hereto) has been recorded with the United States Patent and Trademark Office. OSS is now the sole successor in interest in and to the patents-in-suit. Accordingly, pursuant to Rule 25(c), MET hereby requests that this Court order OSS to be substituted for MET for all purposes of this litigation, including as the named plaintiff.

## III. Argument

Rule 25(c) governs the substitution of parties and provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Rule 25(c) is a procedural mechanism, which does not determine any substantive issues that may be

involved in the action. *ISI Int'l v. Borden Ladner Gervais, LLP,* No. 98 C 7614, 2002 WL 230904, at *1 (N.D. Ill. Feb. 15, 2002), *aff'd,* 316 F.3d 731 (7th Cir. 2003). Substitution of the parties under Rule 25(c) is within the discretion of the court. *Id.* The purpose of Rule 25(c) is "to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit." *Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, No. 09-cv-10155, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) (quoting Moore's Federal Practice § 25.30). The primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action. *Id.*

Substitution under Rule 25(c) is the most efficient and expeditious means for the parties to fully resolve this matter. This case has recently been stayed pending settlement discussions, and OSS now has full settlement authority in this case. Defendant Videx, Inc. has also filed a Motion to Stay pending re-examination of three of the patents-in-suit (Dkt. 174). Accordingly, OSS's substitution for MET will not affect this case in any material way and will have no impact on any deadlines. In short, OSS's appearance in this case will in no way prejudice the Defendants. By contrast, if the Court were to deny this Motion, OSS will be required to re-file this lawsuit, thereby wasting resources that the parties and the Court have already invested in this case and further delaying final resolution of this dispute.

MET submits that the Court should permit OSS to replace MET in this litigation, including as the named plaintiff, to expedite and simply this litigation. As is manifest from the assignment attached hereto as <u>Exhibit A</u>, MET has transferred all right, title, and interest in and to the patents-in-suit (including the right to collect and receive any damages, royalties, or settlements for past, present and future infringements) to OSS and has requested this substitution without any delay. OSS is now the proper plaintiff in this action and is subject to the jurisdiction of this Court.

**IV. Conclusion**

For the foregoing reasons, MET requests that its Motion be granted and that the Court order OSS be substituted for MET for all purposes of this litigation, including as the named plaintiff.

Respectfully submitted,

**MICRO ENHANCED TECHNOLOGY, INC.**

Date: October 11, 2013 By: s/Charles T. Riggs Jr.
*Attorney for Plaintiff*

Charles T. Riggs Jr.
riggs@riggs.pro
The Law Office of Charles T. Riggs Jr.
551 Forest Ave.
River Forest, Illinois 60305
(708) 828-6130

# EXHIBIT A

## ASSIGNMENT

**WHEREAS, MICRO ENHANCED TECHNOLOGY INC.**, an Illinois corporation, having a place of business at 701 Gullo Avenue, Suite B, Elk Grove Village, Illinois 60007 (hereafter, together with any successors, legal representatives or assigns thereof, called "Assignor") is the owner of the entire right, title, and interest and assignee of the **U.S. Patents listed in the Exhibit attached hereto**;

**AND WHEREAS, O.S. SECURITY LLC**, a Texas limited liability company having a place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093 (hereafter, together with any successors, legal representatives or assigns thereof, called "ASSIGNEE") wants to acquire the entire right, title and interest in and to said **U.S. Patents listed in the Exhibit attached hereto**, and all the inventions therein, and Assignor is willing to enter into such assignment.

**NOW, THEREFORE**, effective on September 27, 2013 and in consideration of the sum of One Dollar ($1.00) in hand paid and other good and valuable consideration the receipt of which from ASSIGNEE is hereby acknowledged, Assignor has sold, assigned, transferred and set over, and does hereby sell, assign, transfer and set over to ASSIGNEE the entire right, title and interest in and to the **U.S. Patents listed in the Exhibit attached hereto**, and all U.S. continuations, continuations-in-part, divisionals, extensions, renewals, reissues and re-examinations related to all inventions thereof, including without limitation, all rights to claim priority on the basis thereof, and all foreign patents, patent applications, continuations, continuations-in-part, divisionals, extensions, renewals, reissues and re-examinations related to all inventions thereof, including without limitation, all rights to claim priority on the basis thereof, all rights to sue for past, present and future infringement, including the right to collect and receive any damages, royalties, or settlements for such infringements, all rights to sue for injunctive or other equitable relief, and any and all causes of action relating to any of the inventions or discoveries thereof;

**Assignor** hereby covenants that it has full right to convey the entire interest herein assigned, and that it has not executed, and will not execute, any agreement in conflict with this Assignment;

**Assignor** hereby further covenants and agrees that it will communicate to ASSIGNEE any and all facts known to it respecting said patents, and testify in any legal proceeding, sign all lawful papers, execute and deliver all papers and take any actions that may be necessary or desirable to perfect the title to any aforementioned patents and inventions, execute all divisional, continuation, reexamination, reissue and substitute applications, and make all rightful oaths and generally do everything possible to aid ASSIGNEE to obtain and enforce proper patent protection for said inventions in all countries.

**FOR USPTO RECORDING**

IN TESTIMONY WHEREOF, I hereunto set my hand this 27 day of SePTemBeR, 20 13.

MICRO ENHANCED TECHNOLOGY INC.
(Assignor)

By _____

Name  WILLIAM DENISON

Title  PResiPenT

**STATE OF** )
**COUNTY OF** )

On Sept 27. 2013, before me VICKIE FORNKAHL, Notary Public, personally appeared WILLIAM DENISON personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

*I certify under PENALTY OF PERJURY under the laws of the State of* Ill. *that the foregoing paragraph is true and correct. WITNESS my hand and official seal.*

_____
Signature of Notary

"OFFICIAL SEAL"
Vickie Fornkahl
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 6/28/16

## EXHIBIT

### U.S. PATENTS & APPLICATIONS

| US Patent No. | US Appl. No. | Filing Date | Issue Date | Title |
|---|---|---|---|---|
| 5617082 | 8339555 | 11/15/1994 | 4/1/1997 | Electronic access control device utilizing a single microcomputer integrated circuit |
| 6359547 | 8760062 | 12/4/1996 | 3/19/2002 | Electronic access control device |
| 6977576 | 10024945 | 12/19/2001 | 12/20/2005 | Electronic access control device |
| 7019615 | 10885948 | 7/7/2004 | 3/28/2006 | Electronic access control device |
| 7295100 | 11254263 | 10/20/2005 | 11/13/2007 | Electronic access control device |
| 7456725 | 10807935 | 3/24/2004 | 11/25/2008 | Electronic access control device utilizing a single microcomputer intergrated circuit |
| 7482907 | 10885998 | 7/7/2004 | 1/27/2009 | Electronic access control device |
| 7683758 | 10807936 | 3/24/2004 | 3/23/2010 | Electronic access control device |
| 7741952 | 11708730 | 2/21/2007 | 6/22/2010 | Electronic access control device |
|  | *11897990 |  |  |  |
|  | *11903503 |  |  |  |
| - | 11137257 | 5/25/2005 | - | Electronic access control device |

* Denotes abandoned or expired.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICRO ENHANCED TECHNOLOGY, INC., ) | |
| ) | Civil Action No.: 11-cv-05506 |
| Plaintiff, ) | |
| v. ) | Hon. Judge: Robert M. Dow, Jr. |
| ) | |
| VIDEX, INC., et al., ) | Magistrate Judge: |
| ) | Hon. Maria Valdez |
| Defendants. ) | |
| ) | |

**DECLARATION OF WILLIAM DENISON IN SUPPORT OF
PLAINTIFF MICRO ENHANCED TECHNOLOGY, INC.'S
MOTION TO SUBSTITUTE PARTIES PURSUANT TO FED. R. CIV. P. 25(c)**

I, William Denison, do declare and state as follows:

1. I am the President of Micro Enhanced Technology, Inc., which is the plaintiff in the above captioned litigation, and have the authority to submit this declaration on behalf of Micro Enhanced Technology, Inc.

2. On September 27, 2013, Micro Enhanced Technology, Inc. assigned all right, title and interest in, *inter alia*, the patents-in-suit to O.S. Security LLC, a Texas limited liability company. Micro Enhanced Technology, Inc. retained no right, title, or interest in the patents-in-suit. O.S. Security LLC received all rights to enforce the patents-in-suit and the right to recover for all infringement, including all past infringement, as against, among others, the defendants in this action.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: October 10, 2013    By: _____
                              William Denison

1